United States District Court
Southern District of Texas
**ENTERED**
December 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM KINNEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-68 |
| | § | |
| SELECT PORTFOLIO SERVICES, | § | |
| | § | |
| Defendant. | § | |

## AMENDED[1] OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Pending is Plaintiffs' motion to compel Defendant, Select Portfolio Servicing, Inc. (SPS), to answer an Interrogatory and produce documents related to the Interrogatory (D.E. 21). Defendant responded to the motion to compel and Plaintiffs filed a reply to the response (D.E. 27, 28). As discussed more fully below, Plaintiffs' motions to compel Defendant to answer Interrogatory No. 6 and produce the requested documents is granted.

## JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this court because a substantial part of the actions about which Plaintiffs complain occurred in San Patricio County, Texas, which is located in the Southern District of Texas.

---

[1] This opinion is modified only to reflect the December 1, 2015, changes to FED. R. CIV. P. 26(b)(1).

## BACKGROUND

### A.  Factual Background

Plaintiffs William and Leah Kinney obtained a home equity loan from a lender (original lender) in January 2005 in the amount of $66,000.[2]  The promissory note was secured by a deed of trust dated January 26, 2005.  On February 2, 2010 the note and deed of trust were assigned to "Wells Fargo Bank, N.A. in Trust on Behalf of the Certificate Holders for Asset Back Securities Corporation Home Equity Loan Trust, Series 2005-HE3, Asset Backed Pass-Through Certificates, Series 2005-HE3" (Wells Fargo).  Wells Fargo then entered into a mortgage servicing agreement with BAC Home Loans Serving, LP (BAC).  At some point, SPS began acting as the servicer of Plaintiffs' mortgage loan on behalf of Wells Fargo (D.E. 27, p. 1, n. 1).

On November 29, 2010 Plaintiffs received a notice of default and intent to accelerate from Wells Fargo/BAC telling them they were in default on the note and it would be accelerated if Plaintiffs did not bring the note current under the deed of trust. On December 31, 2010 Plaintiffs received notice that the note had been accelerated and counsel had been obtained to foreclose on the property.  On August 22, 2012 counsel for BAC and Wells Fargo filed an application for foreclosure in the 343rd District Court of San Patricio County, Texas.  The foreclosure proceeding was dismissed for want of

---

[2] Plaintiffs allege the original lender was Countrywide Financial Corporation but Defendant identifies the original lender as the WMC Mortgage Corporation (D.E. 23-1, 25, 31).  The identity of the original lender is not relevant to disposition of this discovery motion.

prosecution and neither Wells Fargo nor BAC ever moved to vacate the judgment or reinstate the lawsuit.

Subsequently, Wells Fargo and defendant SPS sent further correspondence to Plaintiffs indicating that they intended to institute foreclosure proceedings against Plaintiffs' property.  Plaintiffs filed the instant lawsuit in state court and it was removed to this federal court.  Plaintiffs seek a declaratory judgment that the foreclosure is barred by limitations and the doctrine of res judicata and that SPS has no right or authority to foreclose on the note.

SPS asserts several affirmative defenses in response to Plaintiffs' claims.   In addition, SPS seeks a finding that if its lien is set aside, Defendant should be equitably and contractually subrogated to prior valid liens on the property and granted a judgment allowing it to foreclose on the liens.

### B.  Motion to Compel

As part of its discovery, Plaintiffs sent Defendant the following interrogatory:

Please state the exact dollar amount paid by Wells Fargo (if any) to acquire the lien in question.  In your Answer please also specify the date on which the sum(s) were paid and to whom such sum(s) was/were paid.

(Ex. A to Mot. to Compel; D.E. 21-1, p. 4).  Plaintiffs also asked Defendants to produce any documents evidencing or relating to any payments identified in its answer to the interrogatory (*Id.*).  Defendant objected to the requests by arguing that the information and material sought was not within the scope of discovery, was not relevant to the case or

controversy and was proprietary in nature (*Id.*).[3]   Defendant added in its objections that the amount it paid to acquire the note was irrelevant because it is entitled to recover the face value of the note.

In their motion to compel, Plaintiffs argue that whether Defendant actually paid its own money to acquire the note is relevant to its equitable subrogation claim because an element of its cause of action is that it must establish that its own funds paid off the debt of another, citing in support *S.E.C. v. Kaleta*, No. 4:09-3674, 2011 WL 6016827 (S.D. Tex. 2011).   Plaintiffs assert that neither Wells Fargo nor SPS paid anything to discharge the indebtedness of Plaintiffs.   Defendant counters that the assignment of the lien to Wells Fargo is valid and the amount it paid to the original lender is irrelevant to the resolution of the either the limitations issue or its equitable subrogation argument.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26 outlines the scope of permissible discovery:

> **Scope in General.**   Unless otherwise limited by court order, the scope of discovery is as follows:   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving he issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1) (eff. Dec. 1, 2015).   "Courts construe discovery rules liberally to serve the purposes of discovery:   providing parties with information essential to the

---

[3] Defendant did not raise the issue of whether the information was proprietary in its response to the motion to compel.

properly litigation of all relevant facts, eliminating surprise, and promoting settlement. *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003)(citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The threshold for relevance at the discovery stage is lower than at the trial stage." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011). Unless it is clear that the information sought can have no possible bearing on a party's claim or defense, the request for discovery should be allowed. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). The party resisting discovery has the burden of establishing lack of relevance by demonstrating that the requested information either does not come within the broad scope of relevance or that the potential harm caused by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id.* at 470-471. Where relevance is in doubt, the court should be permissive in allowing discovery. *Rangel*, 274 F.R.D. at 590.

Defendant cites cases where courts have permitted assignees of a mortgagee to claim equitable subrogation for a lien without requiring that the assignee provide information on how much it paid for the assignment. *See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 69, 633 (Tex. App.--Houston [14 Dist.] 2010) and *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 617 (Tex. 2007). However, nothing in either of those cases indicates whether discovery was ever an issue and neither case addresses the relevancy of the information sought by Plaintiffs in this case. Moreover, the fact that the amount paid by an assignee was not mentioned in the court decisions does not lead to the conclusion that it was not relevant to the proceedings.

The information sought by Plaintiffs may provide further clarification of the nature of the assignment of the lien in this case and Defendant has not argued that the information will be burdensome to obtain.  Given the Rule 26 presumption in favor of broad discovery, Plaintiffs' motion to compel is granted.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Opposed Motion to Compel Discovery (D.E. 21) is GRANTED.  Within twenty days of the date of this order, Defendant is ordered to produce the information requested in Plaintiffs' Interrogatory No. 6 and to produce any documents evidencing or relating to any payments identified in Interrogatory No. 6.

ORDERED this 3rd day of December, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE